The Honorable Bobby L. Hogue State Representative P.O. Box 97 Jonesboro, Arkansas 72403
Dear Representative Hogue:
This is in response to your request for an opinion on whether a new proposed excise tax on the sale of merchandise and equipment utilized in the taking of game could be passed by a simple majority vote of the legislature.
It is my opinion that the answer to your question is "yes", assuming that the tax is for defraying the necessary expenses of government.
The relevant provisions, Art. 5, § 37 and Art. 5, § 38, provide respectively as follows:
 § 37 Not less than a majority of the members of each House of the General Assembly may enact a law.
 § 38 None of the rates for property, excise, privilege, or personal taxes, now levied shall be increased by the General Assembly except after the approval of the qualified electors voting thereon at an election, or in the case of emergency, by the votes of three-fourths of the members elected to each House of the General Assembly.
You note that it is your understanding that under Art. 5, § 37, only a majority vote would be required, and that the provision requiring a three-fourths vote, Art. 5, § 38 would be inapplicable because the tax levied would be a new tax and not an increase in an existing tax.
It is my opinion that your interpretation is correct. In the case of Caldarera v. McCarroll, Commissioner of Revenue, 198 Ark. 584,129 S.W.2d 615 (1939), Article 5, § 38 was held to apply only to taxes "now levied"; meaning levied at the time of adoption of Amendment 19 (which added the relevant language of Art. 5, § 38). A new tax would thus not be covered by the provisions of this section. See Caldarera, supra, and Opinion No. 89-334, a copy of which is enclosed.
One final provision of the Constitution should be mentioned, however. Article 5, § 31 provides that:
 No state tax shall be allowed, or appropriation of money made, except to raise means for the payment of the just debts of the State, for defraying the necessary expenses of government, to sustain common schools, to repel invasion and suppress insurrection, except by a majority of two-thirds of both houses of the General Assembly.
This section requires a two-thirds vote of each house before a new tax will be allowed, unless the taxes are, among other things, to "raise means . . . for defraying the necessary expenses of government". If so, only a simple majority is required. Central States Life Ins. Co. v. State, 190 Ark. 605,80 S.W.2d 628 (1935).
You have not stated the purpose for the new tax levy. If it is for defraying the "necessary expenses of government", it is my opinion that only a majority vote is required. It has been held also that the General Assembly has the right to determine what is a necessary expense. Humphrey, State Auditor v. Garrett,218 Ark. 418, 236 S.W.2d 569 (1951), citing State v. Sloan, 66 Ark. 575,53 S.W. 47 (1899), and State v. Moore, 76 Ark. 197, 88 S.W. 881
(1905).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb